IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| J.B., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:22-cv-00554-RK |
| | ) |
| MAXIMUS FEDERAL SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |

# ORDER

This is an employment action asserting various disability-related claims under the Missouri Human Rights Act ("MHRA") and the Americans with Disabilities Act ("ADA"), and a claim under Missouri's service letter law, § 290.140, RSMo. Before the Court is Defendant Maximus Federal Services, Inc.'s Motion to Dismiss Counts I (discrimination under the MHRA) and III (retaliation under the ADA). (Doc. 10.) The motion is fully briefed. (Docs. 11, 13, 14.) After careful consideration and for the reasons explained below, Defendant's motion to dismiss (Doc. 10) is **GRANTED in part** and **DENIED in part** as follows:

(1) Defendant's motion to dismiss Count I as untimely under the MHRA's two-year statute of limitations is **GRANTED** to the extent Plaintiff asserts a disability discrimination claim based on Defendant's acts that occurred before July 15, 2020, and **DENIED** to the extent Plaintiff asserts a disability discrimination claim based on Defendant's subsequent response to Plaintiff's July 29, 2020, statutory service letter request.

(2) Defendant's motion to dismiss Count III is **DENIED** as moot.

## I.   Background[1]

Plaintiff, J.B., began working for Defendant in March of 2020. (Doc. 8 at ¶ 4.) Plaintiff has a serious illness,[2] which he disclosed to Defendant. (*Id.* at ¶ 5.) Plaintiff's illness makes it

---

[1] In considering Defendant's motion to dismiss, the Court takes the facts pleaded in Plaintiff's amended complaint as true and construes them in the light most favorable to Plaintiff as the non-moving party. *Hafley v. Lohman*, 90 F.3d 264, 266 (8th Cir. 1996). In doing so, however, the Court is not bound to accept as true "legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) (citation omitted).

[2] Plaintiff does not identify in his amended complaint the nature or any specifics regarding his

difficult for him to perform "certain basic functions." (*Id.* at ¶ 7.) A few weeks after he was hired, Plaintiff notified Defendant that he needed to take leave from work to treat his illness. (*Id.* at ¶ 6.) Defendant fired Plaintiff on July 8, 2020. (*Id.* at ¶ 8.) On July 29, 2020, Plaintiff sent to Defendant a request for a service letter as provided for under Missouri law (specifically, § 290.140, RSMo). (*Id.* at ¶ 9.) The Defendant responded to Plaintiff's request on August 21, 2020. The service letter Defendant provided did not comply with Missouri's service letter law, however, because it did not "g[i]ve any cause for terminating Plaintiff." (*Id.* at ¶ 10.) Furthermore, Defendant stated that Plaintiff's termination would be retroactive to June 21, 2020. (*Id.*)

Plaintiff filed a charge of discrimination with the Missouri Commission on Human Rights on January 3, 2021. (Doc. 11-1.)[3] In the charge, Plaintiff asserted discrimination claims based on both retaliation and disability as a continuing action from March of 2020 until August 21, 2020. (*Id.*) The Missouri Commission on Human Rights issued a Notice of Right to Sue on April 20, 2022, followed by the EEOC's Notice of Right to Sue issued on April 28, 2022. (Docs. 8 at ¶¶ 21-22; 11-2, 11-3.) Plaintiff filed this employment discrimination action in the Circuit Court of Jackson County, Missouri, on July 15, 2022. (Doc. 1-2 at 2-8.) Defendant removed the case to federal court on August 25, 2022. (Doc. 1.)

In his amended complaint, Plaintiff asserts four claims: (1) Count I – MHRA disability discrimination claim; (2) Count II – ADA disability discrimination claim; (3) Count III – ADA retaliation claim;[4] and (4) Count IV – violation of Missouri's service letter law. (Doc. 8 at 4-12.)

---

illness other than it is "severe" and can be "devastating and even life-threatening" under certain circumstances. (Doc. 8 at ¶ 5.)

[3] The Court is generally limited to the pleadings and materials attached to the pleadings in deciding a defendant's Rule 12(b)(6) motion to dismiss. *See* Fed. R. Civ. P. 12(d). In employment discrimination cases, however, the Court may properly consider the employment-discrimination-related charge and any notice of right to sue at the motion to dismiss stage, even if not attached to the complaint. *See Blakley v. Schlumberger Tech. Corp.*, 648 F.3d 921, 931 (8th Cir. 2011) (district court did not err by considering EEOC charge as part of the public record in ruling on defendant's motion to dismiss); *Stark v. Right Mgmt. Constultants*, No. 05-1031 (DWF/JSM), 2005 WL 8162852, at * (D. Minn. Dec. 5, 2005) (finding right-to-sue letters are matters of public record that may properly be considered in ruling on a defendant's motion to dismiss) (collecting cases), *adopted by* 2006 WL 8443275 (D. Minn. Jan. 18, 2006), *aff'd*, 247 F. App'x 855 (8th Cir. 2007).

[4] Although it is unclear from the face of Plaintiff's amended complaint, in Plaintiff's response to Defendant's motion to dismiss, Plaintiff concedes that Count III only asserts a retaliation claim under the ADA and does not assert a retaliation claim under the MHRA. (Doc. 13 at 2.)

## II.     Legal Standard

To survive a motion to dismiss for failure to state a claim under 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  While a complaint does not need to include detailed factual allegations, the complaint must allege more than a "sheer possibility that a defendant acted unlawfully" to survive a motion to dismiss. *Wilson v. Ark. Dep't of Human Servs.*, 850 F.3d 368, 371 (8th Cir. 2017) (citation and quotation marks omitted omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Packard v. Darveau*, 759 F.3d 897, 899 n.2 (8th Cir. 2014) (citation and quotation marks omitted).  However, the Court need not accept as true "pleadings that . . . are no more than conclusions." *Iqbal*, 556 U.S. at 679.

## III.    Discussion

### A.  Count I

In Count I, Plaintiff asserts a claim of disability discrimination under the Missouri Human Rights Act ("MHRA").  Specifically, Plaintiff alleges Defendant discriminated against him by:

> a. Making inappropriate comments to the Plaintiff, relating to disability, that would not have otherwise been made.
>
> b. Placing the Plaintiff in a position where performing his job would be more difficult, because of disability.
>
> c. Failing to accommodate Plaintiff's disability despite his request for time away from work.
>
> d. Reprimanding the Plaintiff, because of disability.
>
> e. Terminating the Plaintiff, because of disability.
>
> f. Failing to issue Plaintiff a proper service letter, because of disability.

[*sic*] (Doc. 8 at 4-5.)  Defendant argues that Plaintiff fails to state a claim for disability discrimination under the MHRA in Count I because his claim is untimely under the MHRA's two-year statute of limitations for discrimination claims.

Missouri law establishes a two-year statute of limitations for discrimination claims under the MHRA.  Mo. Rev. Stat. § 213.111.1 ("Any action brought in court under this section shall be filed . . . no later than two years after the alleged cause occurred or its reasonable discovery by the

3

alleged injured party."). Plaintiff filed this disability discrimination lawsuit on July 15, 2022, in Missouri circuit court. Accordingly, under the MHRA's two-year statute of limitations, claims of discrimination based on alleged causes occurring before July 15, 2020, are untimely and are barred under the MHRA's two-year statute of limitations.

Notwithstanding – as Plaintiff argues in opposing Defendant's motion to dismiss – the MHRA's statute of limitations is subject to equitable tolling, including under what is known as the "continuing violation doctrine." *See Rowe v. Hussmann Corp.*, 381 F.3d 775, 782 (8th Cir. 2004); *Bozue v. Mut. of Omaha Ins. Co.*, 536 F. Supp. 3d 438, 449 (E.D. Mo. 2021). As the district court explained in *Bozue*, the continuing violation doctrine "permit[s] plaintiffs to advance claims for discrimination that occurred prior to the statutory period if they can show that the discrimination continued within the statutory period." *Bozue*, 536 F. Supp. 3d at 449 (citation omitted). A plaintiff's reliance on the continuing violation doctrine requires a showing of two things: (1) that at least one act occurred within the statutory period, and (2) that "the current claim of discrimination is part of a series of interrelated events, rather than isolated or sporadic acts of intentional discrimination." *Tisch v. DST Sys., Inc.*, 368 S.W.3d 245, 252 (Mo. Ct. App. 2012) (citation and quotation marks omitted). In effect, as the Missouri Court of Appeals recognized in *Tisch*, the latter requirement means that "'[d]iscrete acts that fall within the statutory time period do not make timely acts that fall outside the time period.'" *Id.* at 255 (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 112 (2002)).

In *Morgan*, applying Title VII's statutory period of limitations,[5] the United States Supreme Court explained the principle that "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." 536 U.S. at 113. In other words, "[e]ach discrete discriminatory act starts a new clock for filing charges alleging that act." *Id.* The Supreme Court recognized the following as "easy to identify" discrete discriminatory acts: "termination, failure to promote, denial of transfer, or refusal to hire." *Id.* at 114; *see also id.* at 115 (contrasting these discriminatory acts from hostile work environment claims that by their nature "involve[] repeated conduct" and "are based on the cumulative effect of individual acts").

---

[5] In *Tisch*, the Missouri Court of Appeals noted that in applying the MHRA, Missouri courts look to consistent federal employment discrimination case law. 368 S.W.3d at 252 n.4. Federal district courts in Missouri have recognized the same principle. *Bozue*, 536 F. Supp. 3d at 449; *Cooper v. KSHB-TV 41*, No. 17-0041-CV-W-BP, 2018 WL 8131234, at *4 (W.D. Mo. Apr. 2, 2018); *Gillespie v. Charter Commc'ns*, 31 F. Supp. 3d 1030, 1033 n.4 (E.D. Mo. 2014).

4

Consistent with *Morgan*, the Eighth Circuit has recognized that for the continuing violation doctrine to apply, "the component acts must be sufficiently related to form a single practice, at least part of which continued into the limitations period." *Rowe v. Hussman Corp.*, 381 F.3d 775, 782 (8th Cir. 2004) (citations and quotation marks omitted).

In Count I, Plaintiff alleges a variety of discrete discriminatory acts: inappropriate comments, job placement or job responsibilities given, not accommodating a leave request, reprimand(s), termination, and not issuing a proper service letter. The only act that occurred during the two-year statute of limitations period (July 15, 2020, to July 15, 2022) was Defendant's response to Plaintiff's July 29, 2020, request for a service letter. *See Gillespie*, 31 F. Supp. 3d at 1034 (finding plaintiff's MHRA claims for failures to promote were untimely and not saved by continuing violation doctrine); *cf. Tisch*, 368 S.W.3d at 255 (explaining that "if a claim is based upon a series of closely-related, similar events that occurred within the same general time period and stemmed from the same source, it is in the nature of a continuing violation") (citation and quotation marks omitted). Plaintiff's amended complaint sets forth no facts that the acts of disability discrimination extended over time, stemmed from the same source, or had any connection to Defendant's response to Plaintiff's service letter request. *See Davis v. Lohr Distrib. Co., Inc.*, No. 4:18CV1437 HEA, 2019 WL 2053848, at *5-6 (E.D. Mo. May 9, 2019) (granting motion to dismiss Title VII claim for race discrimination for failure to exhaust as to claims based on route assignments, failure to promote, and vacation issues as "discrete adverse actions" that did not implicate the continuing violation doctrine); *Williams v. Lender Processing Servs., Inc.*, No. 4:13CV1850 RWS, 2013 WL 5739059, at *1-2 (E.D. Mo. Oct. 22, 2013) (finding untimely plaintiff's MHRA claims for failure to train, failure to promote, constructive demotion, and failure to provide a raise; claims to which the continuing violation doctrine did not apply because they were merely "a series of discrete acts that occurred at particular moments in time, over the course of an extended employment relationship"). Accordingly, Defendant's acts that occurred before the two-year statute of limitations period are not subject to equitable tolling under the continuing violation doctrine, and claims based on these acts are untimely.

Although the continuing violation doctrine does not apply to equitably toll the statute of limitations for discrete discriminatory acts that occurred before July 15, 2020, Plaintiff does assert a claim for disability discrimination based on Defendant's service-letter response, which occurred within the two-year statute of limitations. Plaintiff alleges he requested a service letter from

5

Defendant on July 29, 2020. Defendant responded in August of 2020. As Defendant itself recognized in its briefing, "MHRA claims accrue, and the statute of limitations begins to run, on the date of the discriminatory acts." *Ramsey v. Georgia-Pacific LLC*, No. 4:18-cv-00723-NKL, 2019 WL 123001, at *3 (W.D. Mo. Jan. 7, 2019) (citations omitted).

Accordingly, dismissal is warranted as to Plaintiff's MHRA claim for disability discrimination under Count I to the extent the claim is based on Defendant's acts that occurred before July 15, 2020. Dismissal is not warranted, however, as to Plaintiff's MHRA claim for disability discrimination under Count I to the extent the claim is based on Defendant's subsequent response to Plaintiff's July 29, 2020, statutory service letter request.

### B. Count III

Defendant similarly argues that Plaintiff's retaliation claim asserted in Count III is untimely under the MHRA and Plaintiff otherwise failed to exhaust his administrative remedies for a state-law retaliation claim. Plaintiff concedes that Count III only asserts a retaliation claim under federal law and does not assert a state-law claim for retaliation under the MHRA. (Doc. 13 at 2.) Given Plaintiff's concession, Defendant agrees that its motion to dismiss Count III is moot. Accordingly, Defendant's motion to dismiss Count III is denied as moot.

### IV. Conclusion

For the reasons explained above, Defendant's motion to dismiss Counts I and III of Plaintiff's amended complaint (Doc. 10) is **GRANTED in part** and **DENIED in part** as follows:

(1) Defendant's motion to dismiss Count I as untimely under the MHRA's two-year statute of limitations is **GRANTED** to the extent Plaintiff asserts a disability discrimination claim based on Defendant's acts that occurred before July 15, 2020, and **DENIED** to the extent Plaintiff asserts a disability discrimination claim based on Defendant's subsequent response to Plaintiff's July 29, 2020, statutory service letter request.

(2) Defendant's motion to dismiss Count III is **DENIED** as moot.

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: November 15, 2022